UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:20-cr-00003-APG-EJY |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| RAMON AVENDANO-SOTO, and JORGE ALFREDO SOTO, | |
| Defendant. | |

Remaining before the Court is Defendant Ramon Avendano-Soto's ("Soto") Motion to Compel DEA Confidential Informant File (ECF No. 48) in which Jorge Alfredo Soto ("Jorge Soto") joined. ECF No. 52. The Court has again considered the Motion, the Joinder, the Government's Response (ECF No. 53), Soto's Reply (ECF No. 59), and the *in camera* submission received on November 12, 2020.

**I.  Background**

The facts underlying this matter are largely uncontested and were discussed in the Court's October 2, 2020 Order (the "October Order").[1]  They are not repeated here.

Since the Court issued its October Order, the Court received an *in camera* submission from the Government. The submission included information regarding how long the informant has worked with the law enforcement, the informant's substantial proven track record, the basis for that representation, the basis for the informant's knowledge leading to initiation of contact with Soto, and why the informant initiated contact with Soto. The Court also received transcripts of all conversations between the informant and Soto. All *in camera* information received was reviewed by the Court.

**II.   Discussion**

In considering the Government's limited privilege to withhold the identity of the informant in this case, the objective the limited privilege seeks to support, whether testimony of the informant

---

[1] ECF No. 64.

1

would be relevant and helpful to Soto or his co-defendant Jorge Soto, the informant's involvement in the alleged crime, and the Government's interest in protecting the safety of this informant, the Court finds that the totality of circumstances in this case, given the crimes charged and the possible defense of entrapment, do not warrant disclosure of the information requested by Soto, in which Jorge Soto joined.[2]

As explained in *United States v. Halgat*, the informant "was not involved in any of the drug transactions that gave rise to the indictment [and t]he Government does not intend to call the … [informant] as a trial witness."[3]  Thus, "the Jencks Act does not apply.  18 U.S.C. § 3500, Fed. R. Crim. P. 26.2."[4]

As for Soto's defense of entrapment, in which Jorge Soto appears to have joined, there is simply nothing other than Soto's repeated statement, presented by counsel, that he was reluctant to engage in criminal activity and has no criminal history or history of violence[5] offered in support of the threshold showing required to result in the disclosures Soto seeks.[6]  Moreover, in his Joinder to Soto's Motion, Jorge Soto offers no facts and makes no additional argument in support of the informant's information sought.[7]

Ninth Circuit law hold that "[t]he burden of proof is on the defendants to show need for the disclosure. ... The mere suspicion that information will prove helpful is insufficient to require disclosure."[8]  Absent such a showing, the Court need not hold an *in camera* hearing with the informant.[9]  Here, because certain information was unavailable to Defendants, the Court undertook a cautionary *in camera* review of all recorded communications between Soto and the informant, as well as a review of the informant's background to assess his relationship with law enforcement and his reliability.  The Court finds that, in contrast to Soto's speculation, there is nothing in the

---

[2] *Roviaro v. United States*, 353 U.S. 53, 59-61 (1957); *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2000); *United States v. Sai Keung Wong*, 886 F.2d 252, 255-56 (9th Cir. 1989).
[3] Case No. 2:13-cr-00241-APG-VCF, 2016 WL 4528961, at *1 (D. Nev. Aug. 30, 2016).
[4] *Id*.
[5] ECF No. 48 at 2, 8; ECF No. 59 at 2-3.
[6] *U.S. v. Thomas*, Case No. CR-10-120-CAS, 2010 WL 1946912, at *1 (C.D. Cal. May 10, 2010) *citing Sai Keung Wong*, 886 F.2d at 256; *see also U.S. v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993).
[7] ECF No. 52.
[8] *Sai Keung Wong*, 886 F.2d at 255-57 (citations omitted).
[9] *Thomas*, 2010 WL 1946912, at *4 *citing Spires*, 3 F.3d at 1238.

documents provided by the Government that supports an entrapment defense.  Further, the informant at issue was not involved in the alleged attempted drug transaction on August 1, 2019, and the informant never met Soto or Jorge Soto.  In fact, the informant never spoke with Jorge Soto.  The file does not contain information that sheds any light on whether Soto was predisposed to commit the alleged crime.  Nor is there anything that relates, in any way, to the contention that the Government induced Soto to commit a crime.  Finally, there is no mention of Jorge Soto in anything provided to the Court.

For these reasons, the Court finds an *in camera* hearing unnecessary and denies the Motion to Compel and Joinder thereto.

### III.    Order

Accordingly,

IT IS HEREBY ORDERED that Defendant Ramon Avendano-Soto's Motion to Compel DEA Confidential Informant File (ECF No. 48) and Defendant Jorge Alfredo Soto's Motion for Joinder to Defendant Ramon Avendano-Soto's Motion to Compel (ECF No. 52) are DENIED.

Dated this 12th day of November, 2020

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE